BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone (510) 337-1001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,

    Plaintiffs,

v.

FRED ADRIANO MASONRY CONTRACTOR, INC., A California Corporation,

    Defendant.

No.

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185)

Plaintiffs complain of Defendant, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185). Venue properly lies in this district court since contributions are due and payable in the County of San Francisco. Therefore, intradistrict venue is proper.

## PARTIES

### II.

At all times material herein, Plaintiffs The Board Of Trustees were Trustees of each of the Plaintiffs Trust Funds. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs".

### III.

At all times material herein, Fred Adriano Masonry Contractor, Inc (hereinafter referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### IV.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). Defendant became subject to all the terms and conditions of the Laborers Master Agreement (hereinafter "Master Agreement" or "Agreement") by virtue of signing a Memorandum

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

of Agreement (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the Master Agreement. A true and correct copy of said Master Agreement is attached hereto as Exhibit "A" and a true and correct copy of the Memorandum Agreement is attached hereto as Exhibit "B", both of which are incorporated by reference herein.

V.

The above-mentioned Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses at the time the Agreement was negotiated.

VI.

Said Agreements provide for prompt payment of all delinquent contributions to the various Trust Funds, and provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

**FIRST CLAIM FOR RELIEF**
**(AUDIT)**

VII.

The Boards of Trustees have, as one of their purposes, the obligation to ensure that contributions required to be made to said Trust Funds pursuant to collective bargaining agreements are fully and correctly made. The purposes of the respective Trust Funds are to provide health and welfare, vacation, pension and other benefits for Laborers on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreements referred to herein comply with the terms of said agreements with respect to payments of said contributions to the Fund. The Funds maintain their office in the County of San Francisco, and all such contributions are required to be made in County

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

- 3 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

of San Francisco.

## VIII.

By its terms, said Master Agreement binds Defendant to the Trust Agreements respectively establishing said Trust Funds, and Article IV, section 9, of the Trust Agreement creating the Welfare Fund, Article VI, section 8, of the Trust Agreement creating the Vacation-Holiday Fund, Article IV, section 8, of the Trust Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating the Training Fund, each provide that:

> Upon request in writing from the Board of Trustees, an Individual Employer will permit a Trust Fund Auditor to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him to the Fund.

## IX.

Plaintiffs cannot determine whether or not Defendant has made prompt and correct payment of all Fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendant by representatives of Plaintiffs demanding that Defendant submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreements. Copy of demand letter from Plaintiffs to Defendant dated September 4, 2006, is attached hereto as Exhibits "C" and made a part hereof.

## X.

Defendant has failed, refused or neglected to allow the audit as requested or inspection of their books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds. Plaintiffs have no adequate remedy at law, and the individual Laborers who are the beneficiaries of the respective Trust Funds, particularly the employees of Defendant, are damaged thereby and also have no adequate remedy at law.

## XI.

Plaintiffs are intended third party beneficiaries of the collective bargaining agreements, but

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

- 4 -

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

Trust Funds contribution delinquencies are excluded from the arbitration provision of said agreements.

XII.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XIII.

Plaintiffs are entitled to reasonable attorneys' fees, interest and other reasonable expenses incurred in connection with this matter due to Defendant's failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

XIV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XV.

Pursuant to the written agreements establishing the Laborers Trust Funds, Defendant has failed, neglected or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds.

**TIRD CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

XVI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVII.

Defendant has failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Collective Bargaining Agreements and Trust Agreements, and has caused Plaintiffs actual damages in an amount to be proven at trial.

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

- 5 -
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

## THIRD CLAIM FOR RELIEF
### (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

XVIII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIX.

Defendant has failed, neglected or refused to make timely fringe benefit contributions to the Trust Funds as required by the applicable collective bargaining agreements and Trust Agreements.

XX.

Defendant's neglect or refusal to make timely fringe benefit contributions and reports pursuant to the terms of the above-mentioned Agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

XXI.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to Trust Funds. Defendant exercised control over any contributions due, which are assets of Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21) (29 U.S.C. § 1002(21).

XXII.

The actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.

XXIII.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

/ / /

/ / /

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

- 6 -

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

## FOURTH CLAIM FOR RELIEF
### (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

XXIV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XXV.

Defendant has failed, neglected or refused to allow a full and complete audit to the Trust Funds as required by the applicable collective bargaining agreements and Trust Agreements.

XXVI.

Defendant's neglect or refusal pursuant to the terms of the above-mentioned agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

XXVII.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to Trust Funds. Defendant exercised control over any contributions due, which are assets of Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21) (29 U.S.C. § 1002(21).

XXVIII.

The actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA (29 U.S.C. §§ 1001, et seq).

XXIX.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

## FITH CLAIM FOR RELIEF
### (INJUNCTION)

XXX.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION

## XXXI.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or to submit to an audit of books and records and by the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray judgment against Defendant Fred Adriano Masonry Contractor, Inc., as follows:

1. That Defendant be compelled to forthwith submit to a full audit by auditors selected by the Trust Funds at the premises of Defendant during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the collective bargaining agreements or the Trust Agreements, including but not limited to the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

2. That Defendant be ordered to pay contributions in an amount to be determine at trial plus interest thereon;

3. That Defendant be ordered to pay actual damages according to proof;

4. That this Court issue an injunction issue from this Court compelling Defendant to forthwith cease their refusal to submit to an audit of their books, records, papers and reports as required by the agreements to which they are bound;

5. That upon completion of the audit, Defendant be decreed to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on said sums;

6. That this Court issue an Order directing and permanently enjoining Defendant to timely submit to Plaintiffs Trust Funds, all reports and contributions due and owing by Defendant plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

7. That this Court issue an Order permanently enjoining Defendant for so long as they remain obligated to contribute to Plaintiffs Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

8. That Defendant be ordered to pay attorney's fees;

9. That Defendant be ordered to pay costs of suit herein; and

10. That this Court grant such further relief as this Court deems just and proper.

11. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated: December 17, 2007

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Concepcion E. Lozano-Batista
CONCEPCION E. LOZANO-BATISTA
Attorneys for Plaintiffs

117066/478308

- 9 -

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION