DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
Brandon R. Blevans (CSB 197281) (bblevans@dpf-law.com)
Patrick B. Sutton (CSB 223186) (psutton@dpf-law.com)
50 Old Courthouse Square, Suite 200
Santa Rosa, CA 95404-7922
Telephone:   707.524.7000
Facsimile:   707.546.6800
Richard C. Rybicki  (CSB 160096) (rrybicki@dpf-law.com)
809 Coombs Street
Napa, CA 94559
Telephone: 707.252.7122
Facsimile: 707.255.6876

Attorneys for Defendant
FRED ADRIANO MASONRY CONTRACTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br>Plaintiffs, <br>vs. <br><br>FRED ADRIANO MASONRY CONTRACTOR, INC., A California Corporation, <br><br>Defendant. | Case No. CV 07 6401 MJJ <br><br>**ANSWER OF DEFENDANT FRED ADRIANO MASONRY CONTRACTOR, INC. TO PLAINTIFFS' COMPLAINT** |

Defendant Fred Adriano Masonry Contractor, Inc. hereby asserts the following answer and affirmative defenses, each individually and on its own behalf, to the complaint filed by the plaintiffs herein.

1. Answering Paragraph I of the complaint, Defendant admits that this action is styled as an action to recover damages pursuant to the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185). Defendant also admits that venue is proper within the Northern District Court of California. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

2. Answering Paragraph II of the complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every material allegation contained therein.

3. Paragraph III of the complaint is compound and uncertain (e.g., 29 U.S.C. § 1145 contains within its definition of "employer" an entity that is "obligated to make contributions to a multiemployer plan"); for this reason, Defendant denies each and every material allegation contained in said paragraph.

4. Answering Paragraph IV of the complaint, Defendant states that the agreements referenced therein speak for themselves. Defendant admits that its President signed a Memorandum Agreement with the Northern California District Council of Laborers. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

5. Answering Paragraph V of the complaint, Defendant states that the agreements referenced therein speak for themselves. Except as so stated, Defendant denies each and every material allegation contained in said paragraph.

6. Answering Paragraph VI of the complaint, Defendant states that the agreements referenced therein speak for themselves. Except as so admitted, Defendant denies each and every material allegation contained in said paragraph.

## FIRST CLAIM FOR RELIEF
### (AUDIT)

7. Answering Paragraph VII of the complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every material allegation contained therein.

8. Answering Paragraph VIII of the complaint, Defendant states that the agreements referenced therein speak for themselves. Except as so stated, Defendant denies each and every material allegation contained in said paragraph.

9. Answering Paragraph IX, Defendant states that the letter referenced therein speaks for itself. Except as so stated, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every material allegation contained in said paragraph.

10. Answering Paragraph X of the complaint, Defendant denies that it failed, refused or neglected to allow any audit or inspection of its books, records, papers or reports in accordance with the provisions of the Trust Agreements. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every material allegation contained in said paragraph.

11. Answering Paragraph XI of the complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every material allegation contained in said paragraph.

12. Answering Paragraph XII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

13. Answering Paragraph XIII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

### SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

14. Answering Paragraph XIV of the complaint, Defendant states that said paragraph merely incorporates previous allegations which are answered herein.

15. Answering Paragraph XV of the complaint, Defendant denies each and every material allegation contained in said paragraph.

### THIRD CLAIM FOR RELIEF
### (ACTUAL DAMAGES FOR BREACH OF CONTRACT)

16. Answering Paragraph XVI of the complaint, Defendant states that said paragraph merely incorporates previous allegations which are answered herein.

17. Answering Paragraph XVII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

### THIRD [SIC] CLAIM FOR RELIEF
### (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

18. Answering Paragraph XVIII of the complaint, Defendant states that said paragraph merely incorporates previous allegations which are answered herein.

19. Answering Paragraph XIX of the complaint, Defendant denies each and every material allegation contained in said paragraph.

20. Answering Paragraph XX of the complaint, Defendant denies each and every material allegation contained in said paragraph.

21. Answering Paragraph XXI of the complaint, Defendant denies each and every material allegation contained in said paragraph.

22. Answering Paragraph XXII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

23. Answering Paragraph XXIII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

### FOURTH [SIC] CLAIM FOR RELIEF
### (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

24. Answering Paragraph XXIV of the complaint, Defendant states that said paragraph merely incorporates previous allegations which are answered herein.

25. Answering Paragraph XXV of the complaint, Defendant denies each and every material allegation contained in said paragraph.

26. Answering Paragraph XXVI of the complaint, Defendant denies each and every material allegation contained in said paragraph.

27. Answering Paragraph XXVII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

Defendant's Answer to Complaint                                                    Case No. CV 07-6401 MJJ

28. Answering Paragraph XXVIII of the complaint, Defendant denies each and every material allegation contained in said paragraph.

29. Answering Paragraph XXIX of the complaint, Defendant denies each and every material allegation contained in said paragraph.

## FIFTH [SIC] CLAIM FOR RELIEF
### (INJUNCTION)

30. Answering Paragraph XXX of the complaint, Defendant states that said paragraph merely incorporates previous allegations which are answered herein.

31. Answering Paragraph XXXI of the complaint, Defendant denies each and every material allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

1. Each of the plaintiffs' counts fails to state a claim upon which relief can be granted.

2. Each of the plaintiffs' counts is barred, in whole or in part, by applicable statutes of limitations including, but not limited to, California Code of Civil Procedure section 337(1).

3. Each of the plaintiffs' counts is barred, in whole or in part, by failure of condition.

4. Each of the plaintiffs' counts is barred, in whole or in part, for failure to comply with 29 U.S.C. section 186(c)(5)(B).

5. Each of the plaintiffs' counts is barred, in whole or in part, by waiver.

6. Each of the plaintiffs' counts is barred, in whole or in part, by laches.

- 5 -

Defendant's Answer to Complaint                    Case No. CV 07-6401 MJJ

**PRAYER FOR RELIEF**

WHEREFORE defendant Fred Adriano Masonry Contractor, Inc. on its own behalf, prays for relief as follows:

1) For judgment against the plaintiffs and for the defendant on each of the plaintiffs' counts;

2) For dismissal of plaintiffs' Complaint in its entirety;

3) For costs of suit incurred herein;

4) For attorneys' fees under the Employee Retirement Income Security Act, 29 U.S.C. § 1332(g)(1), and any other applicable law; and

5) For such further and equitable relief as this Court deems just and proper.

Dated: February 6, 2008             DICKENSON, PEATMAN & FOGARTY
                                    A Professional Law Corporation


                                    _____/s/_____
                                    Brandon R. Blevans
                                    Patrick B. Sutton
                                    Attorneys for Defendant
                                    FRED ANDRIANO MASONRY CONTRACTOR, INC.