Barry E. Hinkle (CSB 071223)
Concepción E. Lozano-Batista (CSB 227227)
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone: 510.337.1001
Attorneys for Plaintiffs

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
Brandon R. Blevans (CSB 197281)
(bblevans@dpf-law.com)
Patrick B. Sutton (CSB 223186)
(psutton@dpf-law.com)
50 Old Courthouse Square, Suite 200
Santa Rosa, CA 95404-7922
Telephone:   707.524.7000
Facsimile:    707.546.6800
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br>                    Plaintiffs, <br><br>    vs. <br><br>FRED ADRIANO MASONRY CONTRACTOR, INC., A California Corporation, <br><br>                    Defendant. | Case No. CV 07 6401 PJH <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> DATE: April 3, 2008 <br> TIME: 2:30 p.m. <br> COURTROOM 3, 17th Floor <br> JUDGE: Hon. Phyllis J. Hamilton |

1

Now come the parties hereto, The Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California et al., plaintiffs, and Fred Adriano Masonry Contractor, Inc., defendants, and submit this Joint Case Management Statement.

**1.   Jurisdiction and Service**

Plaintiffs assert this Court has jurisdiction because this action is brought pursuant to section 502 of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).

Defendant was served January 3, 2008.

**2.   Facts**

Plaintiffs assert that Defendant was party to a Collective Bargaining Agreement ("CBA") with the Northern District Council of Laborers ("the Union"), pursuant to which Defendant was obligated to make trust fund contributions on behalf of its employees who performed work covered by the CBA. Defendant asserts that at the time it entered into the CBA, it negotiated with an agent of the Union to exclude certain contracts for services which Defendant had already bid and/or executed from coverage under the CBA, because Defendant did not contemplate costs associated with the CBA when bidding those contracts. Defendant asserts that certain of its employees worked on such pre-existing contracts during the period at issue, and that no contributions are owed for such work. Defendant further asserts that it terminated the CBA and, as a result, had no continuing obligations to make trust fund payments.

Plaintiffs assert that Defendant failed to make contributions to the Trust Fund on behalf of Defendant's employees pursuant to the CBA, and failed to submit to an audit of its books as records as demanded by Plaintiffs. Defendant denies these allegations.

**3.   Legal Issues**

The parties have identified the following primary legal issues: (1) whether the CBA was binding on Defendant during the relevant time period; (2) whether hours claimed by Plaintiff for work performed by individual employees of Defendant was covered by the CBA; and (3) whether Defendant failed to make contributions for any covered work performed by employees as required by the CBA.

**4.     Motions**

At this time, no motions are pending in this matter. Defendant does not presently anticipate the need to file any motions. If the case does not settle, Plaintiffs anticipate filing a summary judgment motion.

**5.     Amendment of Pleadings**

At this time, the parties do not anticipate amending the pleadings.

**6.     Evidence Preservation**

Defendant has taken steps to preserve all documentary evidence in place at the time of service of the lawsuit, including electronically-recorded information. Defendant is a small company whose payroll records are maintained by a bookkeeper on a single computer. Defendant has instructed its bookkeeper to retain such records during the pendency of this action. Defendant's bookkeeper has no regular program of document destruction.

**7.     Disclosures**

Plaintiff and Defendant have made full disclosures as required.

**8.     Discovery**

No discovery has been taken by either party to date.

<u>Defendant intends to conduct the following discovery:</u>

- Interrogatories, requests for production of documents and requests for admission: to be propounded during April, 2008.
- Third-party subpoenas, if necessary, to be propounded during April and May, 2008.
- Follow-up written discovery to be conducted during May and June, 2008.
- Depositions to be conducted in June and July, 2008.

<u>Plaintiffs intend to conduct the following discovery:</u>

- Interrogatories, requests for production of documents and requests for admission: to be propounded during April, 2008.
- Third-party subpoenas, if necessary, to be propounded during May and June 2008.
- Follow-up written discovery to be conducted during June and July 2008.
- Depositions to be conducted in July and August 2008.

**9.    Class Actions**

This matter is not a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiffs seek an order compelling Defendant to submit to a full audit by auditors selected by the Trust Funds, that Defendant pay contributions found to be due and owing from said audit, plus interest, liquidated damages and attorneys' fees and costs.

Defendant denies liability for any of the relief claimed by Plaintiffs.

**12.    Settlement and ADR**

Both parties have complied with ADR Local Rule 3-5. The parties have stipulated to mediation through the Court's multi-option ADR program, which was approved by this Court's order dated March 12, 2008. The parties anticipate engaging in informal discussions prior to mediation that may facilitate resolution of the matter.

**13.    Consent to Magistrate Judge For All Purposes**

Defendant consents to assignment. Plaintiffs do not consent to the assignment of this case to a magistrate judge.

**14.    Other References**

Plaintiffs and Defendant do not believe the case is appropriate for binding arbitration, reference to a Special Master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Because the parties have yet to conduct discovery, they are not aware of any opportunities to narrow issues.

**16.    Expedited Schedule**

The parties do not believe this matter is appropriate for an expedited schedule or streamlined procedures.

/ / /

/ / /

**17.**     **Scheduling**

The parties propose the following dates: trial in mid-November 2008; pre-trial conference in late October 2008; cutoff of expert disclosure and non-expert discovery in early September 2008; cutoff of expert discovery in late September 2008; deadline for hearing on dispositive motions in late September 2008.

**18.**     **Trial**

Neither Plaintiffs nor Defendant have requested a jury trial.

**19.**     **Disclosure of Non-party Interested Entities or Persons**

Defendant complied with Civil Local Rule 3-16 by filing its Certification of Interested Entities or Persons on March 25, 2008. Defendant disclosed the following individuals who have a financial interest in the subject matter in controversy or in a party to the proceeding, or have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Fred Adriano

Mark Adriano

**20.**     **Service List of Counsel for Plaintiffs:**
BARRY E. HINKLE, Bar No. 071223
PATRICIA DAVIS, Bar No. 179074
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone: (510) 337-1001
Fax: (510) 337-1023

///

///

///

///

///

21. Service List of Counsel for Defendants:

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
Brandon R. Blevans (CSB 197281)
(bblevans@dpf-law.com)
Patrick B. Sutton (CSB 223186)
(psutton@dpf-law.com)
50 Old Courthouse Square, Suite 200
Santa Rosa, CA 95404-7922
Telephone:   707.524.7000
Facsimile:   707.546.6800


Dated: March 27, 2008					DICKENSON, PEATMAN & FOGARTY
							A Professional Law Corporation


							          /s/
							Patrick B. Sutton
							Attorneys for Defendant
							FRED ANDRIANO MASONRY CONTRACTOR, INC.

Dated: March 27, 2007.
							WEINBERG, ROGER & ROSENFELD
							A Professional Corporation


						By:   /s/Concepción E. Lozano-Batista
							CONCEPCIÓN E. LOZANO-BATISTA
							Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIGNATURE ATTESTATION**

**(U.S.D.C. N.D. Cal. General Order 45, Section X.B.)**

Concurrence in the filing of this document has been obtained from each other signatory, or from the single signatory, in compliance with General Order 45, Section X.B.

                    DICKENSON, PEATMAN & FOGARTY
                    A Professional Law Corporation

Dated: March 27, 2008

                  By      /s/
                        Patrick B. Sutton
                        Attorneys for Defendant
                        FRED ADRIANO MASONRY CONTRACTOR, INC.

- 1 -

Case 3:07-cv-06401-PJH    Document 14    Filed 03/27/2008    Page 8 of 8